IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Janet Rose** <br> 7863 Baltimore Annapolis Blvd. <br> Glen Burnie, Maryland 21060 <br><br> **Ann LaCoste** <br> 1092 Duvall Highway <br> Pasadena, Maryland 21122 <br><br> **Catherine Capps** <br> 7872 Americana Circle, Apt. 203 <br> Glen Burnie, Maryland 21060 <br><br> *On behalf of themselves and others similarly situated* <br><br> **Plaintiffs** <br><br> v. <br><br> **T J L, Inc. (t/a "Double TT Diner")** <br> 5 Light Street, Ste. 950 <br> Baltimore, Maryland 21202 <br><br> **Defendant** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br><br><br><br><br><br><br> Case No. _____ <br> **JURY TRIAL REQUESTED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Janet Rose, Ann LaCoste, and Catherine Capps, by and through their undersigned counsel, state a collective action complaint against Defendant T J L, Inc. (t/a "Double TT Diner"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

## Introduction

1. This is a civil action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2. Plaintiffs seeks on behalf of themselves and others similarly situated, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant T J L, Inc. is a corporation formed in the State of Maryland, owns and operates several Double TT Diners in Baltimore, Maryland area.

7. At all times material herein, T J L, Inc. had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendant, T J L, Inc. employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or

materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendant who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiffs and other servers who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiffs, and others similarly situated, are employed by Defendant T J L, Inc., a covered entity, satisfying the enterprise coverage provisions under the FLSA. Defendant T J L, Inc. also satisfies the coverage provisions of the MWHL. As a covered enterprise, T J L, Inc. has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9. Plaintiffs worked as tipped employees (restaurant servers) at The Double TT Diner in Pasadena, Maryland. This work was performed during the relevant statute of limitations period (within the last three years). As servers, Plaintiffs took food/beverage orders from guests and served food/beverages to guests. In addition, Plaintiffs provided cleaning and other support tasks. As set forth below, Plaintiffs seek unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence.

10. Plaintiffs weekly hours varied depending on scheduling. For example, Plaintiff LaCoste worked at least 11 hours of overtime for the period February 22, 2016 to February 28, 2016, but worked as little as one hour of overtime for the period January 2, 2017 through January 8, 2017.

11. By failing to pay the statutory minimum wage that was due to Plaintiffs, Defendant willfully violated very clear and well-established minimum wage of the FLSA. Plaintiffs further allege that the Defendant violated the minimum wage and overtime provisions of the MWHL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime wages owed under the MWHL pursuant to the MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## **General Allegations**

12. Plaintiffs have been employed by the Defendant within the three years preceding the filing of this lawsuit. Plaintiffs may be legally employed in the United States. Plaintiffs attach to this Complaint their written consent to join this case and serve as its named Plaintiffs.

13. Plaintiffs performed manual work and were non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

14. Defendant violated the FLSA, the MWHL, and MWPCL insofar as it:

(a) Failed to inform the Plaintiffs, and other similarly situated restaurant servers, of the tip credit provisions of 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419, thereby requiring Defendant to have paid at least $7.25/hour for each of the hours worked by the Plaintiffs, as opposed to $3.63/hour, the lowest rate possible under Maryland Md. Ann. Code LE art. § 3-419;

(b) Maintained a practice of requiring Plaintiffs and other similarly situated restaurant servers to pay for business losses, such as reimbursement for tabs caused by customer walk-outs, resulting in not just the loss of the ability of the Defendant to take a tip credit, but also resulting in those deductions further driving down the net wage paid to affected Plaintiffs and/or similarly

situated restaurant servers;

(c) Based on Defendant' failure to properly inform Plaintiffs, see ¶ 13(a), *supra*, the Defendant have also failed to properly pay overtime in appropriate amounts.

(d) In the case of Plaintiff LaCoste, failed to pay her final paycheck following her separation of employment. As a result, Plaintiff LaCoste received no pay whatsoever for the period of time worked covering her last paycheck.

15. Defendant has violated the rights of the Plaintiffs, and other similarly situated restaurant servers, to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement).

16. Defendant were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419 (respectively)), to inform tipped employees, like Plaintiffs and others similarly situated restaurant servers, that among other things, tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiffs (and others similarly situated), an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Ann. Code LE art. § 3-413. Defendant failed to allow Plaintiffs, and those similarly situated, to retain all of their tips.

17. Defendant violated the 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 by failing to inform Plaintiffs, and others similarly situated, that it was taking a so-called "tip credit" against Defendant' minimum wage obligations, the amount of the tip credit, or that Plaintiffs (and other tipped workers) had the right to retain all tips except in a valid tip pooling

arrangements, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b).

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)

18. Plaintiffs incorporate paragraphs 1-17 as set forth above, and state that Defendant's actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendant have at all material times failed to pay Plaintiffs, and others similarly situated, the proper minimum wage rate, free and clear of deductions and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. § 203(m).

19. As a result, Plaintiffs, and other similarly situated persons who opt into this lawsuit, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)

20. Plaintiffs incorporate paragraphs 1-19 as set forth above, and state that Defendant' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendant have, at all material times, failed to pay Plaintiffs, and other similarly situated workers, a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE art. § 3-419.

20. As a result, Plaintiffs, and other similarly situated workers who opt-in into this lawsuit, have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

### COUNT III
### (FLSA - Failure to Properly Pay Overtime)

21. Plaintiffs incorporate paragraphs 1-20 as set forth above, and state that willfully violated

Section 7(a)(1) of the FLSA, because Defendant failed to compensate Plaintiffs, and other similarly situated persons, at a proper overtime rate for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $7.25 an hour), as required by Federal law and applicable Federal regulations.

## COUNT IV
### (MWHL - Failure to Properly Pay Overtime)

22. Plaintiffs incorporate paragraphs 1-21 as set forth above, and state that Defendant' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendant failed to compensate Plaintiffs at a proper overtime rate for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage as required by Maryland law.

## COUNT V
### (Violation of MWPCL Act – Unpaid Wages)

23. Plaintiffs incorporate paragraphs 1-22 as set forth above, and state that the actions of Defendant, in failing to inform the Plaintiffs and other similarly situated hourly tipped employees of the provisions of Md. Ann. Code LE art. § 3-419; alternatively, in refusing to allow Plaintiffs and others similarly situated hourly tipped employees to retain their tipped wages free and clear; alternatively, in failing to pay overtime wages when earned to all hourly employees, including payment in proper amounts to hourly tipped employees; and alternatively, Defendant's failure to pay Plaintiff LaCoste her last paycheck, are all separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

24. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages as applicable under the MWHL.

25. That impliedly, by operation of law, Plaintiffs, and other similarly situated hourly employees, were entitled to be paid statutory minimum wages by Defendant (and to the extent applicable, overtime wages under Maryland law as of July 1, 2014), which have not been paid by Defendant.

26. That there are no bona fide disputes between the parties as to the right of the Plaintiffs to receive minimum wages, or, if overtime work was performed after July 1, 2014, overtime wages. That there are no bona fide disputes between the parties as to the right of the Plaintiffs, and other similarly situated hourly tipped employees, to retain their tipped wages and to be paid all lawful wages due arising from their respective employment with Defendant. Defendant knew, or should have known, that it is a covered entity under the MWHL, and that Plaintiffs performed work as employees for which they were not properly compensated.

27. Plaintiffs are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages, that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendant to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work in the "front of the house" as restaurant servers receiving less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA

collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendant to pay Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendant to pay the Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages owed Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), are entitled to such damages under MWPCL;

(d) Award Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), their attorneys' fees and costs in pursuing this action;

(e) Award Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendant, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiffs (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq.
Federal Bar No. 25965
600 Jefferson Plaza, Ste. 304
Rockville, Maryland 20852
(301) 251-3752
hhoffman@hoholaw.com

*Counsel for Plaintiffs*

/s/ (with permission)
Bradford W. Warbasse, Esq.
Federal Bar No. 07304
401 Washington Avenue, Ste. 200
Towson, Maryland 21204
(410) 337-5411
warbasselaw@gmail.com

*Counsel for Plaintiffs*

## Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

/s/ Howard B. Hoffman
Howard B. Hoffman