IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANET ROSE, *et al*.<br><br>      PLAINTIFFS<br><br>  V.<br><br>T J L, INC.<br><br>(T/A "DOUBLE TT DINER")<br><br>      DEFENDANT. | CIVIL ACTION NO. 1:17-cv-01790-BPG |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs Janet Rose, Ann LaCoste, Catherine Capps and Christina Kiefler ("Plaintiffs") and Defendant T J L, Inc. (T/A "Double TT Diner") ("Defendant") (collectively the "Parties") jointly move this Court for an Order approving the Settlement Agreement reached in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and in support thereof, state as follows:

    1.    Plaintiffs brought this action under the FLSA, the Maryland Wage and Hour Law ("MWHL"), Md. Code. Lab. & Empl. Art. § 3-401 *et seq.;* and the Maryland Wage Payment and Collection Law, Md. Code. Lab. & Empl. Art. § 3-501 *et seq.* ("MWPCL").

    2.    Following the filing of Defendant's Answer to Plaintiffs' Complaint, the Parties engaged in good faith arms-length negotiations. On February 9, 2018, the Parties participated in a Court-supervised mediation before United States Magistrate Judge J. Mark Coulson, which eventually resulted in a full Settlement Agreement of all claims brought by Plaintiffs against Defendants, and provides for a dismissal of this action. The Parties' reliance on the Court's supervised mediation process should provide some assurance to this Court that this Settlement is fair and is not the product of unfair collusion. *See Temporary Services, Inc. v. AIG, Inc.,* 2012

WL 2370523, *12 (D.S.C. June 22, 2012) ("[S]upervision by a mediator lends an air of fairness to agreements that are ultimately reached.") (citing cases).

3. Although the parties have reached a settlement, Court approval is required. "Under the FLSA, 'there is judicial prohibition against the unsupervised waiver or settlement of claims.'" *Kianpour v. Restaurant Zone, Inc.,* 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) *(quoting Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir. 2007). "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.'" *Id.*; *see also Gionfriddo v. Jason Zink LLC,* 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.").

4. Importantly, there is a "'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." *Lomascolo v. Parsons Brinckerhoff. Inc.,* 2009 WL 3094955, *10 (E.D. Va. Sept. 28, 2009).

5. "While the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit have typically employed the considerations set forth in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982)." *Kianpour,* 2011 WL 5375082, at *2; *see also Lopez v. NTI, LLC,* 748 F. Supp. 2d 471, 478 (D. Md. 2010) (FLSA settlement should be approved if the settlement reflects a "reasonable compromise" over the issues in dispute); *Lane v. Ko-me, LLC,* 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011) ("[P]arties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute . . . .'").

6. District courts in the Fourth Circuit, when asked to approve FLSA settlements, consider the following factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff Inc.,* 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)

7. This settlement reflects a "fair and reasonable" resolution of a bona fide dispute over FLSA provisions in the following respects:

    a.  In their Complaint, Plaintiffs allege that they are owed minimum wages and overtime pay.

    b.  There is a bona fide dispute as to whether Plaintiffs are entitled to the minimum wages and overtime they claim. In its Answer, Defendant denied Plaintiffs' allegations of FLSA, MWHL and MWPCL violations, and further asserted that Plaintiffs were paid all wages due them under applicable federal and state law. These factual disputes would have had to be resolved at a trial on the merits.

    c.  There also is a bona fide dispute as to whether an award of liquidated damages pursuant to 29 U.S.C. § 216 would be appropriate if Plaintiffs prevailed on any of their claims. Defendant adopted a method of payment in good faith reliance on a professional advisor that they were complying with federal law. This factual dispute would have had to be resolved at a trial on the merits.

8. This settlement was reached after the Parties conducted limited discovery. However, the cost of attorneys' fees both to counsel for the Plaintiffs and counsel for the Defendant to complete what would have been very time consuming full discovery would have made settlement impossible as the attorneys' fees incurred could have exceeded the total amount in controversy.

9. The Parties, therefore, have numerous reasons to settle this case. Defendant risks an adverse judgment, with the added risk of being responsible for statutory attorneys' fees and costs under the FLSA. Plaintiffs risk a judgment in favor of Defendant or, if they were to prevail on any of their claims, a recovery lower than their claimed damages, with the added detriment of the delay in receiving any payment, even if they were successful, due to the time that would have been spent in further litigation and any appeal.

10. Given the issues and risks involved, the Parties submit that the Settlement Agreement is fair and reasonable. The Parties request that the Court approve the Settlement Agreement reached between the parties at arms-length involving experienced and capable counsel on all sides.

11. The Settlement Agreement will be provided to the Court for approval in open court. The Parties request that the terms of the settlement be discussed in detail in open court at a hearing on this Joint Motion. A Request for Hearing is being filed simultaneously with this Joint Motion. The amount of the settlement takes into account all of the factors discussed above. To aid the Court, and if the Court so requests, the Parties will submit a copy of the Settlement Agreement to Chambers, so that the Court may conduct an *in camera* review of the Parties' Settlement Agreement before the hearing is held.

12.     Plaintiffs' counsel will receive $53,542.94 as fees and costs pursuant to the Settlement Agreement reached between the parties.  This amount was separately negotiated.  Plaintiffs' attorneys have incurred 147.0 attorney hours in the prosecution of this case, including the hours anticipated for completion of the Settlement Agreement and attending the hearing on the Joint Motion.  Both of Plaintiffs' attorneys have over 15 years of experience, and have substantial expertise in the FLSA, MWHL and MWPCL matters.  The Appendix B range of rates for attorneys with between 15 years and 19 years of experience is $275 - $425 per hour.  Plaintiffs' counsel additionally incurred costs of $1,100 in this action.  Accordingly, the parties submit that $53,542.94 is a reasonable amount of attorney's fees and costs.

13.     For all the foregoing reasons, the Parties respectfully request that the Court grant this Joint Motion, approve this proposed FLSA Settlement Agreement, and issue an Order in the form of the Proposed Order, submitted contemporaneously herewith.

WHEREFORE, for good cause shown, the Parties jointly move that this Honorable Court approve the FLSA settlement in this matter as fair and reasonable and dismiss this action, with prejudice.

/s/ (with permission) Howard B. Hoffman
Howard B. Hoffman
Fed. Bar No. 25965
Jefferson Plaza, Suite 204
Rockville, Maryland 20852
301-251-3752

/s/ (with permission) Bradford W. Warbasse
Bradford W. Warbasse
Fed. Bar No. 07304
401 Washington Avenue, Suite 200
Towson, Maryland 21204
410-337-5411

*Attorneys for Plaintiffs*

        /s/ David A. Rosenberg
David A. Rosenberg
Federal Bar No. 02876
Jacquelyn L. Thompson
Federal Bar No. 18869
FORDHARRISON LLP
1300 19th Street, N.W., Suite 420
Washington, DC  20036
Telephone: (202) 719-2000
Facsimile: (202) 719-2077
Email:  drosenberg@fordharrison.com
        jthompson@fordharrison.com

*Attorneys for Defendant T J L, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July, 2018, a copy of the foregoing Joint Motion for Approval of FLSA Settlement and Proposed Order were filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

      /s/ David A. Rosenberg  
      David A. Rosenberg

WSACTIVELLP:9872990.1